OPINION
{ ¶ 1} Appellant Shawn Briggs ("appellant") appeals the verdict rendered in the Stark County Court of Common Pleas on the basis that it is against the manifest weight and sufficiency of the evidence. The following facts give rise to this appeal.
{ ¶ 2} On May 16, 2005, the Stark County Grand Jury indicted appellant on two counts of aggravated possession of drugs and one count of possession of drugs. According to the bill of particulars, on or about December 17, 2004, in the City of Alliance, appellant was charged with possession of 2.62 grams of oxycodone and .64 grams of an amphetamine. The misdemeanor charge involved the possession of .60 grams of diazepam.
{ ¶ 3} Probation Officers Friend and Billingsley discovered the drugs during a search of appellant's apartment. While searching a pile of dirty clothes in appellant's bedroom, Probation Officer Friend found the drugs, in a plastic container, in the breast pocket of a shirt. Probation Officer Friend asked appellant about the drugs and appellant informed him that they were vitamin B-12 pills. Probation Officer Friend took possession of the plastic container and the drugs and informed appellant that he was taking them to the Alliance Police Department for analysis.
{ ¶ 4} Thereafter, appellant told Probation Officer Friend that some of the pills were B-12 vitamins and others were pain medication. Appellant claimed he received the pain medication, from a co-worker, following an injury to his shoulder. Detective Barr, of the Alliance Police Department, sent the drugs to the Stark County Crime Lab for analysis. The crime lab determined that six of the white tablets were percocet; four of the blue tablets were diazepam; and two of the orange tablets were an amphetamine.
{ ¶ 5} Appellant entered a not guilty plea to the indictment and this matter proceeded to trial on October 19, 2005. At trial, appellant testified that the medications found in the shirt pocket did not belong to him. Instead, appellant claimed they belonged to Gary Weimer, a co-worker. Mr. Weimer passed away prior to the commencement of appellant's trial.
{ ¶ 6} However, Mr. Weimer's fiancee, Cindy Rockwell, testified at trial. Ms. Rockwell identified the pill container as belonging to Mr. Weimer. Ms. Rockwell further testified that on the day the probation officers searched appellant's apartment, she also went to the apartment looking for Mr. Weimer's shirt and medication. Although Ms. Rockwell found the shirt, she did not find the medication. Ms. Rockwell left the shirt at the apartment and told appellant that she would have Mr. Weimer contact him.
{ ¶ 7} Following deliberations, the jury found appellant guilty of the charges of aggravated possession of oxycodone and amphetamine. The jury found appellant not guilty of possession of diazepam. The trial court sentenced appellant to twelve months on each count to be served concurrently. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
{ ¶ 8} "I. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION ON COUNT I, AGGRAVATED POSSESSION OF DRUGS, WITH RESPECT TO THE OXYCODONE/ACETAMINOPHEN.
{ ¶ 9} "II. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION ON COUNT II, AGGRAVATED POSSESSION OF DRUGS, WITH RESPECT TO THE AMPHETAMINE.
{ ¶ 10} "III. APPELLANT'S CONVICTION ON COUNTS I AND II WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
{ ¶ 11} "IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S RULE 29(A) MOTIONS FOR ACQUITTAL AT THE END OF THE STATE'S EVIDENCE AND AT THE CONCLUSION OF ALL OF THE EVIDENCE."
 I, II, III { ¶ 12} We will address appellant's First, Second and Third Assignments of Error simultaneously as they concern sufficiency of the evidence and manifest weight arguments. In his First and Second Assignments of Error, appellant maintains the evidence was insufficient to support his convictions for aggravated possession of drugs, with respect to oxycodone, acetaminophen and an amphetamine. Appellant contends, in his Third Assignment of Error, his convictions for aggravated possession of drugs were against the manifest weight of the evidence. We disagree.
{ ¶ 13} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
{ ¶ 14} In the case sub judice, appellant maintains a rational trier of fact could not have found the essential elements of the offense of aggravated possession of drugs proven beyond a reasonable doubt. R.C.2925.11(A) sets forth the offense of aggravated possession of drugs and provides that, "[n]o person shall knowingly obtain, possess, or use a controlled substance." "A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that circumstances probably exist." R.C. 2901.22(B).
{ ¶ 15} R.C. 2925.01(K) defines the term "possess" or "possession" as "* * * having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Further, "[p]ossession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession." R.C. 2901.21(D)(1).
{ ¶ 16} In support of his assignments of error, appellant maintains the evidence produced at trial was insufficient to establish that he knowingly procured or received the oxycodone and amphetamine or was aware of his control of the oxycodone and amphetamine for a sufficient period of time to have ended possession. Appellant points to the fact that he did not know what type of tablets were found in the shirt pocket; did not know the tablets were prescription medication; and did not know the tablets were medications for which Mr. Weimer had a prescription. Thus, appellant contends the evidence was insufficient to convince the average mind that he knowingly possessed the oxycodone and amphetamine tablets.
{ ¶ 17} Upon review of the record in this matter, we conclude otherwise. Appellant did not act surprised when Probation Officer Friend found the tablets in a shirt pocket. Instead, appellant lied to Probation Officer Friend and told him the tablets were vitamin B-12 pills. Tr. Vol. I at 140. Only after Probation Officer Friend informed appellant that he intended to have the tablets tested did appellant admit that some of the tablets were pain medication. Id. at 141. Appellant also informed Probation Officer Friend that he received the tablets from a co-worker following an injury to his shoulder. Id. at 141, 144. This statement by appellant is an admission that he possessed the tablets although they were not lawfully prescribed to him.
{ ¶ 18} Further, in State v. Barr (1993), 86 Ohio App.3d 227, the Eighth District Court of Appeals discussed the term "possession" and explained as follows:
{ ¶ 19} "Possession may be actual or constructive. State v.Haynes (1971), 25 Ohio St.2d 264, * * *. To place a defendant in constructive possession, the evidence must demonstrate that the defendant was able to exercise dominion or control over the items.State v. Wolery (1976), 46 Ohio St.2d 316, * * *. Moreover, readily usable drugs found in very close proximity to a defendant may constitute circumstantial evidence and support a conclusion that the defendant had constructive possession of such drugs. State v. Pruitt (1984),18 Ohio App.3d 50, * * *." Id. at 235.
{ ¶ 20} Pursuant to the Barr case, even if we were to conclude that the record did not support the conclusion that appellant knowingly possessed the prescription tablets, the fact that they were found in the bedroom of his apartment is sufficient to establish constructive possession.
{ ¶ 21} Appellant also contends the jury lost its way because Ms. Rockwell's testimony was not given the weight it deserved. It was the duty of the jury to weigh the credibility of the witnesses and decide whether, beyond a reasonable doubt, appellant was guilty as charged. When there is a question of fact it is the jury who must decide which testimony is more believable. See State v. Frothingham (Jan. 8, 1998), Licking App. No. 94CA13, at 2. In the case sub judice, Ms. Rockwell failed to explain how the pills and shirt ended up in appellant's apartment and why the tablets were not in a prescription bottle belonging to Mr. Weimer. Accordingly, this is not an exceptional case in which the evidence weighs heavily against the conviction.
{ ¶ 22} Appellant's First, Second and Third Assignments of Error are overruled. IV { ¶ 23} Appellant maintains, in his Fourth Assignment of Error, the trial court erred when it denied his Crim.R. 29(A) motions for acquittal. We disagree. { ¶ 24} In State v. Conley, Licking App. No. 05 CA 60, 2006-Ohio-166, at ¶ 8, we explained:
{ ¶ 25} "The standard to be used by a trial court in determining a Crim.R. 29 motion is set forth in State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus:`Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.' An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard used to review a sufficiency of the evidence claim. See State v. Carter (1995), 72 Ohio St.3d 545, 553,651 N.E.2d 965, 1995-Ohio-104. Thus,`[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus."
{ ¶ 26} For the reasons set forth above, we find appellant's conviction was supported by the sufficiency of the evidence because a rational trier of fact could have found the essential elements of the crime of aggravated possession of drugs proven beyond a reasonable doubt.
{ ¶ 27} Appellant's Fourth Assignment of Error is overruled.
{ ¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, P. J. Gwin, J., and Boggins, J., concur.
 JUDGEMENT ENTRY.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant.