OPINION
{¶ 1} Appellant Akarius Myers ("appellant") appeals the verdict rendered, in the Alliance Municipal Court, finding him guilty of two counts of assault. The following facts give rise to this appeal.
 {¶ 2} On January 21, 2006, the victims, Amy and Kevin Tucker, were in the City of Alliance to celebrate Quiana Tucker's birthday. The celebration occurred at Sticks-N-Stones, a bar located in the City of Alliance. Upon leaving the bar during the early morning hours of January 22, the Tuckers went to the residence of Aretha Harris (a.k.a. "Sweetie" Harris) to retrieve their vehicle and drive back to Youngstown, Ohio, where they reside.
 {¶ 3} Upon arriving at the Harris residence, Amy and Kevin Tucker noticed that Quiana Tucker was on the phone arguing with someone. Kevin Tucker attempted to calm the situation and spoke to appellant on the phone. Appellant told Kevin Tucker, "I want to fuck you," and Tucker told appellant that he was located on Pike Street. A few minutes later, a vehicle pulled up to the Harris residence. At that point, appellant exited the vehicle and an argument ensued in the street. Appellant punched Amy Tucker in the chin and rendered her unconscious. After gaining consciousness, Amy Tucker observed appellant strike Kevin Tucker.
 {¶ 4} Both victims went to the local hospital for treatment. Amy Tucker was diagnosed with a concussion and Kevin Tucker received a broken nose and a fracture of the eye orbital. As a result of this incident, appellant was charged with two counts of assault. This matter proceeded to a jury trial on April 13, 2006. Following deliberations, the jury found appellant guilty as charged. The trial court sentenced appellant to 180 days on each count, to be served concurrently. Of that sentence, the trial court suspended120 days and ordered appellant to report to the Stark County Jail to serve 60 days. The trial court also fined appellant $250 on each count.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE CASE FOR LACK OF PROOF OF A PROPER VENUE.
 {¶ 7} "II. THE TRIAL COURT ERRED IN NOT DISMISSING THE CASE FOR INSUFFICIENT EVIDENCE.
 {¶ 8} "III. THE TRIAL COURT ERRED IN NOT OVERTURNING THE VERDICT AS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 9} In his First Assignment of Error, appellant contends the trial court erred when it overruled his motion for acquittal, pursuant to Crim.R. 29, for failing to establish venue beyond a reasonable doubt. We disagree.
 {¶ 10} In State v. Conley, Licking App. No. 05 CA 60, 2006-Ohio-166, at ¶ 8, we explained: The standard to be used by a trial court in determining a Crim.R. 29 motion is set forth in State v. Bridgeman
(1978), 55 Ohio St.2d 261, syllabus: `Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.' An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard used to review a sufficiency of the evidence claim. See State v. Carter (1995), 72 Ohio St.3d 545, 553,1995-Ohio-104. Thus, `[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus." It is based upon this standard that we review appellant's First Assignment of Error.
 {¶ 11} It is well-established that, in criminal prosecutions, the state is required to establish venue beyond a reasonable doubt. SeeState v. Headley (1983), 6 Ohio St.3d 475, 477; State v. Dickerson
(1907), 77 Ohio St. 34, syllabus. Venue is a necessary element to establish the jurisdiction of the trial court. R.C. 2901.12 governs venue. Subsection (A) states as follows: "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." Further, the Ohio Supreme Court has held that, "[i]t is not essential that venue * * * be proven in express terms, provided it be established by all the facts and circumstances in the case, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment." Dickerson at paragraph one of the syllabus.
 {¶ 12} In the case sub judice, appellant argues the state inadequately established venue as to the assault charge concerning Amy Tucker. Specifically, appellant maintains the only inquiry the state made of Amy Tucker, with regard to venue, was to ask her if "* * * her house where you were parked at, is that in the city (sic) of Alliance, Stark County, Ohio?" Tr. Vol. I at 72. Appellant contends this reference to "her house" is vague. Upon review of the transcript, we find this reference is not vague and therefore, the state established venue beyond a reasonable doubt.
 {¶ 13} At trial, Amy Tucker testified as follows about where they went after leaving the bar:
 {¶ 14} "Q. Okay. Just — when you left the bar, where did you go?
 {¶ 15} "A. We — Sweetie was driving us to our cars. We were parked at her house on Pike Street. I had drove up myself and my husband got off work at 10:00 so we met there at 10:00. And she was taking us back to our cars. Tr. Vol. I at 64. Prior to this testimony, Amy Tucker indicated that Sweetie Harris lived on Pike Street. Id. at 63. Further, Amy Tucker also responded that she was in Alliance on January 21 into the morning of January 22, 2006. Id. at 62. Based upon this testimony, we conclude the state established venue, beyond a reasonable doubt, as to the assault charge concerning Amy Tucker.
 {¶ 16} Appellant next maintains the state failed to separately establish venue as to the assault charge concerning Kevin Tucker. Regarding this charge, we find the facts and circumstances of the case establish that venue was proper in the City of Alliance. As noted above, Amy Tucker testified that after leaving the bar, she and her husband were going to retrieve their vehicle at Sweetie Harris' residence. Id. at 64. Further, immediately upon regaining consciousness, Amy Tucker observed appellant and two other men on top of her husband, hitting and kicking him. Id. at 67. Thus, both assaults occurred almost simultaneously and at the same location. Finally, Kevin Tucker testified that after leaving Sticks-N-Stones they returned to Sweetie Harris' residence to retrieve his vehicle. Id. at 86.
 {¶ 17} Based upon the testimony of Kevin Tucker and the fact that the assaults happened within minutes of each other, which Amy Tucker stated occurred at a residence located on Pike Street, we find the state proved venue beyond a reasonable doubt as to the assault charge concerning Kevin Tucker. Accordingly, the trial court did not err when it denied appellant's motion for acquittal because the trier of fact could have found the essential elements of venue proven beyond a reasonable doubt.
 {¶ 18} Appellant's First Assignment of Error is overruled.
 II, III {¶ 19} We will address appellant's Second and Third Assignments of Error simultaneously as they concern the sufficiency and weight of the evidence. In his Second Assignment of Error, appellant contends the trial court erred in not dismissing the case for insufficient evidence. In his Third Assignment of Error, appellant contends the trial court erred in not overturning the verdict as against the manifest weight of the evidence. We disagree with both assignments of error.
 {¶ 20} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175. It is based upon this standard that we review appellant's Second and Third Assignments of Error.
 {¶ 21} In support of his argument that his convictions are against the sufficiency of the evidence, appellant claims the only evidence against him was the testimony of two biased witnesses, the victims in this matter. Appellant also maintains the state failed to prove the assaults were committed knowingly. Appellant contends the fight was a large brawl and it is possible that he hit both victims by accident.
 {¶ 22} R.C. 2903.13(A) sets forth the crime of assault and states that, "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." We find there is sufficient evidence, in the record, to support the conclusion that appellant knowingly struck both Amy and Kevin Tucker. Appellant admitted, at trial, to fighting with Amy and Kevin Tucker. Specifically, appellant testified as follows on direct examination:
 {¶ 23} "Q. What happened next?
 {¶ 24} "A. And then his girlfriend, or wife, Amy, she rushes me also. And so we get to fighting.
 {¶ 25} "Q. And you don't deny striking Kevin Tucker?
 {¶ 26} "A. No, Sir." Tr. Vol. II at 160.
 {¶ 27} Although appellant did not specifically state that he struck Amy Tucker, he did admit that she rushed him and that they "got to fighting." Further, Amy and Kevin also testified about the injuries appellant inflicted upon them. Whether a person acts knowingly can only be determined, absent a defendant's admission, from the surrounding facts and circumstances, including the doing of the act itself.State v. Huff (2001), 145 Ohio App.3d 555, 563. We find based upon the evidence contained in the record that sufficient evidence existed for the jury to determine that appellant acted knowingly when he struck Amy and Kevin Tucker.
 {¶ 28} In his Third Assignment of Error, appellant contends the verdicts were against the manifest weight of the evidence. Appellant argues the only evidence in this case is conflicting. Appellant maintains Amy and Kevin Tucker's testimony at trial differed from the statements they made at the hospital the night of the incident. Appellant also argues their testimony is not believable because neither can state what the argument was about that started the fight or where all the people came from that observed or participated in the fight. Finally, appellant claims Kevin Tucker's injuries were inconsistent with his testimony that three men were kicking him as the injuries he suffered were allegedly not serious.
 {¶ 29} In State v. Scott, Morgan App. No. 2006-CA-002, 2006-Ohio-6390, at ¶ 57, we recently explained the jury's handling of inconsistencies in the evidence. In doing so, we stated:
 {¶ 30} "The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. " `While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence'". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 sic [.] Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill
(1964), 176 Ohio St. 61, 67, 197 N.E.2d 548. (sic); State v. Burke, Franklin App. No. 02AP1238, 2003-Ohio-2889, citing State v.Caldwell (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096."
 {¶ 31} We conclude the jury, in resolving conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing the evidence in the light most favorable to the state, we further conclude that a rational trier of fact could have found, beyond a reasonable doubt, appellant was guilty of the crimes of assault. Accordingly, the verdict is not against the manifest weight of the evidence.
 {¶ 32} Appellant's Second and Third Assignments of Error are overruled.
 {¶ 33} For the foregoing reasons, the judgment of the Alliance Municipal Court, Stark County, Ohio, is hereby affirmed.
Wise, P. J. Hoffman, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Alliance Municipal Court, Stark County, Ohio, is affirmed. Costs assessed to Appellant.