The STATE of Ohio, Appellee,

v.

SOWRY, Appellant.

[Cite as State v. Sowry, 155 Ohio App.3d 742, 2004-Ohio-399.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 02CA39.

Decided Jan. 30, 2004.

James D. Bennett, Miami County First Assistant Prosecuting Attorney, for appellee.

Daniel J. O'Brien, for appellant.

---

GRADY, Judge.

{¶ 1} Defendant, Stephen Sowry, appeals from his conviction for knowingly conveying drugs onto the grounds of a detention facility in violation of R.C 2921.36(A)(2), a felony of the third degree.

{¶ 2} Sowry was arrested by West Milton police on June 30, 2001, on charges of disorderly conduct and resisting arrest. A patdown failed to reveal any weapons or contraband. Sowry was transported to the Miami County Jail by officers.

{¶ 3} At the jail, Sowry was asked whether he had any drugs on his person. He replied, "No." A more thorough search when he was booked in revealed a baggie of marijuana in his right front pants pocket.

{¶ 4} Sowry was charged with a violation of R.C. 2921.36(A)(2). He was tried and convicted and was subsequently sentenced to a one-year term of imprisonment.

{¶ 5} Sowry filed a timely notice of appeal. We granted his motion for release on bond pending appeal. Sowry presents three assignments of error. We will address the second of those first, as its resolution renders the other two moot.

## SECOND ASSIGNMENT OF ERROR

{¶ 6} "The court prejudicially erred in failing to grant the defendant's motion for Rule 29 judgment of acquittal, for the reason that the evidence was insufficient as a matter of law to sustain a conviction in this case."

{¶ 7} Defendant moved for a judgment of acquittal at the close of the state's case, citing the requirements for criminal liability in R.C. 2901.21(A). The trial court denied the motion.

{¶ 8} When determining a Crim.R. 29 motion, the trial court must consider the evidence in a light most favorable to the state and determine whether reasonable minds could reach different conclusions concerning whether the evidence the state presented, if believed, proves each and every element of the offense charged beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184. A Crim.R. 29 motion must be granted when reasonable minds could only conclude that the evidence fails to prove the elements of the offense. *State v. Miley* (1996), 114 Ohio App.3d 738, 684 N.E.2d 102. Because a Crim.R. 29 motion presents an issue of law, our review of the trial court's denial of the motion is de novo. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

{¶ 9} R.C. 2921.36(A)(2) states: "No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility * * * [a]ny drug of abuse, as defined in section 3719.011 of the Revised Code."

{¶ 10} It is undisputed that the marijuana that was in Sowry's pants pocket when he was brought to the jail and which police found when he was searched there is a drug of abuse as defined by R.C. 3719.011, as well as R.C. 3719.01(O). Nor is it disputed that the Miami County Jail is a detention facility for purposes of R.C. 2921.36(A)(2). Rather, Sowry argues that the trial court erred when it denied his Crim.R. 29 motion because, due to the requirements of R.C. 2901.22(A), his conduct cannot render him criminally liable for a violation of R.C 2921.36(A)(2) on the facts that the state's evidence demonstrates. We agree.

{¶ 11} R.C. 2901.21(A) states:

{¶ 12} "Except as provided in division (B) of this section, a person is not guilty of an offense unless both of the following apply:

{¶ 13} "(1) The person's liability is based on conduct that includes either a voluntary act, or an omission to perform an act or duty that the person is capable of performing;

{¶ 14} "(2) The person has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense."

{¶ 15} Subdivision (B) of R.C. 2901.21 concerns strict liability offenses, wherein no culpable mental state is prescribed, or those where no culpable mental state is specified but recklessness is the degree of culpability applicable. R.C. 2921.36(A)(2) prohibits "knowingly" conveying drugs into a detention facility. "Knowingly" is a culpable mental state. R.C. 2901.22(A) therefore must be satisfied in order for an accused to be criminally liable for a violation of R.C. 2921.36(A)(2).

{¶ 16} The "voluntary act" or "omission" requirement of R.C. 2901.22(A)(1) codifies the maxim of criminal law that criminal conduct must rest on an act, and the law will not punish for a guilty mind alone. The same applies to an omission to act, where both a duty to act is imposed by law and a capacity to act exists. The requirement in either instance is the "actus res" necessary to constitute a violation.

{¶ 17} The conduct that a prohibited act involves must be voluntary in order for criminal liability to result. A reflexive or convulsive act is not voluntary and thus cannot be the basis of criminal liability. R.C. 2901.21(D)(2); *State v. Grimsley* (1982), 3 Ohio App.3d 265, 444 N.E.2d 1071. Similarly, acts performed while unconscious or sleepwalking are not voluntary acts. "In short, any act that is not the product of the actor's conscious determination is not a voluntary act." 2 Katz & Gianelli, Criminal Law, Baldwin's Ohio Practice, Section 85:3, at 871.

{¶ 18} Sowry was arrested by police before he was brought to jail, and he was brought to jail under arrest. By suffering arrest or seizure of his person, Sowry was deprived of the fundamental, common-law "right of every individual to the possession and control of his own person." *Union Pacific Ry. Co. v. Botsford* (1891), 141 U.S. 250, 251, 11 S.Ct. 1000, 35 L.Ed. 734. A person's capacity or ability to exercise that right is implicit in the measure of personal autonomy that a voluntary act involves.

{¶ 19} Exercising the power to control his person which their arrest of Sowry conferred on them, officers conveyed Sowry to and into the jail to facilitate his detention. That his "person" and the possessions on his person were in the jail

was therefore not a product of a voluntary act on Sowry's part. Rather, those events were, as to him, wholly involuntary.

{¶ 20} The state argues that Sowry acted knowingly because he responded "No" when he was asked at book-in whether he had any drugs, adding: "The Appellant chose not to be honest, and that was to his detriment." (Brief, at 5.)

{¶ 21} The state's assertion relates more to the culpable mental state that a violation of R.C. 2921.36(A)(2) requires, which is that conduct be engaged in "knowingly," than it does to any particular conduct that that section prohibits. With respect to an actor's conduct, R.C. 2921.36(A)(2) imposes no legal duty to act in the way the state suggests Sowry ought to have acted in order to avoid being the author of his own misfortune. Even if it did, such a duty could not be enforceable when, as here, performing the duty would implicate him in criminal conduct: possession of drugs. Both the Fifth Amendment to the Constitution of the United States and Section 10, Article I of the Ohio Constitution prohibit compulsion of that kind.

{¶ 22} At most, Sowry might be charged with knowing that drugs were on his person when officers conveyed him to jail. However, as we said above, the law will not punish for a guilty mind alone. Because Sowry's conduct with respect to the R.C. 2921.36(A)(2) violation with which he was charged cannot satisfy the requirement for criminal liability that R.C. 2901.22(A)(1) imposes, the trial court erred when it denied Sowry's Crim.R. 29 motion for judgment of acquittal.

{¶ 23} The second assignment of error is sustained. Sowry's first and third assignments of error, which concern a pretrial motion to suppress evidence and the manifest weight of the evidence on which he was convicted, respectively, are rendered moot by our resolution of Sowry's second assignment of error. Therefore, per App.R. 12(A)(1)(c), we decline to decide the other error which Sowry assigns.

{¶ 24} Having sustained the second assignment of error, we will reverse and vacate Sowry's conviction for a violation of R.C. 2921.36(A)(2), enter a judgment of acquittal on that charge, and order him discharged from any penalty imposed upon his conviction for that offense.

Judgment accordingly.

BROGAN and WOLFF, JJ., concur.