OPINION
{¶ 1} Appellant Thaddeus Conley appeals from his conviction, in the Licking County Court of Common Pleas, for illegal conveyance of drugs. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 4, 2004, Utica police officers went to appellant's home to arrest him on a warrant for violating a protection order. Appellant's father answered the door, and appellant thereafter came outside. The officers, after advising appellant of the reason for their visit, permitted him to reenter the house and put on appropriate clothing. Appellant thereupon came back outside wearing jeans, a sweatshirt, and shoes. As the officers began to handcuff him, appellant asked for permission to use the bathroom. The officers nonetheless proceeded to handcuff appellant, advising him that if he had contraband, he should tell them so. Appellant indicated he was "clean." The officers then patted him down, apparently discovering no contraband at that time. However, at the jail, a booking officer found a small baggie with .29 grams of methamphetamine crystals in a cigarette pack on appellant's person.
 {¶ 3} On November 5, 2004, appellant was indicted on one count of illegal conveyance of drugs of abuse onto the grounds of a detention facility or institution, in violation of R.C.2921.36(A)(2), a felony of the third degree. The matter proceeded to a bench trial. At the close of the State's case, appellant unsuccessfully requested acquittal pursuant to Crim.R. 29. Appellant was thereafter found guilty as charged.
 {¶ 4} On May 10, 2005, appellant was sentenced to community control for a period of three years, and was ordered to successfully complete an approved community-based correctional facility program.
 {¶ 5} Appellant filed a notice of appeal on June 3, 2005. He herein raises the following sole Assignment of Error:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S RULE 29 JUDGMENT [SIC] OF ACQUITTAL, AS THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN A CONVICTION."
 I. {¶ 7} In his sole Assignment of Error, appellant contends the trial court erred in denying his motion for acquittal. We disagree.
 {¶ 8} The standard to be used by a trial court in determining a Crim.R. 29 motion is set forth in State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus: "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard used to review a sufficiency of the evidence claim. See State v. Carter (1995), 72 Ohio St.3d 545, 553,651 N.E.2d 965, 1995-Ohio-104. Thus, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 9} R.C. 2921.36(A)(2) sets forth that "[n]o person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility or of an institution that is under the control of the department of mental health or the department of mental retardation and developmental disabilities, any * * * drug of abuse, as defined in section 3719.011 of the Revised Code."
 {¶ 10} Furthermore, R.C. 2901.21(A) states as follows:
 {¶ 11} "Except as provided in division (B) of this section, a person is not guilty of an offense unless both of the following apply:
 {¶ 12} "(1) The person's liability is based on conduct that includes either a voluntary act, or an omission to perform an act or duty that the person is capable of performing;
 {¶ 13} "(2) The person has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense."
 {¶ 14} In the case sub judice, appellant does not dispute that the methamphetamine found in the cigarette pack is a "drug of abuse" as defined by R.C. 3719.011, nor does he dispute that the Licking Justice Center is a "detention facility" for the purposes of this case. However, appellant first cites State v.Sowry, 155 Ohio App.3d 742, 2004-Ohio-399, for the proposition that once he was arrested, he was no longer engaging in a voluntary act to enter the justice center with the drugs, and thus he cannot be criminally liable for the conveyance thereof. The facts in Sowry indicate the defendant, who had been arrested for disorderly conduct and resisting arrest, was asked by officers at the Miami County Jail whether he had any drugs on his person, to which the defendant replied in the negative.Sowry at ¶ 3. After the booking officers found marijuana on the defendant's person, he was charged with violating R.C.2921.36(A)(2). Id. at ¶ 4. The Second District Court of Appeals concluded:
 {¶ 15} "At most, Sowry might be charged with knowing that drugs were on his person when officers conveyed him to jail. However, * * * the law will not punish for a guilty mind alone. Because Sowry's conduct with respect to the R.C. 2921.36(A)(2) violation with which he was charged cannot satisfy the requirement for criminal liability that R.C. 2901.22(A)(1) [sic] imposes, the trial court erred when it denied Sowry's Crim.R. 29 motion for judgment of acquittal."
 {¶ 16} Id. at ¶ 22.
 {¶ 17} Upon review, however, we decline to adopt the rationale of Sowry in the present appeal. Under the circumstances of the case sub judice, appellant was permitted to go back inside his house and change clothes. He was then advised at the scene that if he conveyed weapons or drugs into the jail it would be a felony. Tr. at 12-13. The officers gave him a second opportunity to reveal any contraband just before he was placed in the cruiser. Id. Thus, viewing the evidence in a light most favorable to the prosecution, appellant was twice warned of the consequences before his trip to the justice center, yet chose to proceed into the facility with methamphetamine on his person rather than risk allowing the arresting officers to confiscate it. We find that a reasonable fact-finder could have found the existence of a voluntary act by appellant in such a situation. Accord State v. Rice, Medina App. No. 02CA0002-M, 2002-Ohio-5042, ¶ 21.
 {¶ 18} Secondly, appellant contends the "knowingly" element of 2921.36(A)(2) was not established. He notes one of the arresting officers, Patrolman Senitt, testified that he asked appellant, after the booking officer discovered the drugs in the cigarette pack, about the earlier contraband warning. See Tr. at 14. According to Senitt: "He [appellant] knew he had the items on him, but the cigarette pack itself or package was not his and he had no idea how it arrived in his pocket." Id.
 {¶ 19} Nonetheless, Patrolman Senitt clearly testified that he recovered the cigarette pack from appellant's person. Tr. at 15. Furthermore, the booking officer, Deputy Hartzell, recalled the following. "Yes sir. I asked him, I said, well, what's this. He said that he knew that the drugs were in there. That this was not his pack of cigarettes. That he was trying to get rid of the pack before the Utica police brought him to the jail but they wouldn't let him go back in the house to use the restroom. But, he did state that he knew that the drugs were in this pack of cigarettes, but he did state that the pack of cigarettes did not belong to him." Tr. at 24-25. Finally, we reiterate that at the scene of the arrest, appellant made an abrupt request to use the bathroom, even though he had just returned from the house after being permitted to change clothes, thus reinforcing the inference that appellant had suddenly remembered the drugs on his person. We therefore conclude, upon review of the record, that a rational trier of fact could have found the "knowingly" element of illegal conveyance proven beyond a reasonable doubt.
 {¶ 20} The trial court did not err in denying appellant's motion for acquittal. Appellant's sole Assignment of Error is overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
Wise, J. Hoffman, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs to appellant.