OPINION
{¶ 1} On November 7, 2005, the Holmes County Grand Jury indicted appellant, Khalil Pettiford, on one count of illegal conveyance of prohibited items onto grounds of a detention facility in violation of R.C. 2921.36, one count of possession of drug paraphernalia in violation of R.C. 2925.14 and one count of possession of drugs in violation of R.C. 2925.11. Said charges arose from an incident wherein contraband was found on appellant's person after he had been transported to the Holmes County Jail.
 {¶ 2} A bench trial commenced on March 15, 2006. By judgment entry filed March 21, 2006, the trial court found appellant guilty of the illegal conveyance and possession of drugs counts, and not guilty of the possession of drug paraphernalia count. By judgment entry filed April 21, 2006, the trial court sentenced appellant to an aggregate term of one year in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED FOR THE REASON THAT THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE DEFENDANT-APPELLANT'S CONVICTION OF ILLEGAL CONVEYANCE OF DRUGS INTO A DETENTION FACILITY."
 II {¶ 5} "THE CONVICTION OF DEFENDANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I, II {¶ 6} In these assignments of error, appellant claims the trial court erred in denying his motion for acquittal pursuant to Crim.R. 29 and the verdict was against the manifest weight of the evidence regarding the illegal conveyance count. We disagree.
 {¶ 7} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 8} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 9} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 {¶ 10} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 11} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 12} Appellant did not present any witnesses and rested following the close of appellee's case-in-chief and the denial of his Crim.R. 29 motion. Therefore, we will address the two assignments together.
 {¶ 13} Appellant was convicted of illegal conveyance of prohibited items onto grounds of a detention facility in violation of R.C. 2921.36(A)(2) which states the following:
 {¶ 14} "(A) No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility or of an institution that is under the control of the department of mental health or the department of mental retardation and developmental disabilities, any of the following items:
 {¶ 15} "(2) Any drug of abuse, as defined in section 3719.011
of the Revised Code."
 {¶ 16} Pursuant to R.C. 3719.011, "drug of abuse" includes "any controlled substance as defined in section 3719.01 of the Revised Code, any harmful intoxicant as defined in section2925.01 of the Revised Code, and any dangerous drug as defined in section 4729.01 of the Revised Code." The "drug of abuse" listed in the indictment was "Alprazolam [Xanax] (Schedule IV)" which falls under the definition of "drug of abuse." The Xanax was found on appellant's person during a "frisk pat down search" after he had been transported to the Holmes County Jail. T. at 30.
 {¶ 17} Appellant's challenge to his conviction is based upon whether the facts reflect he "knowingly" and voluntarily committed the offense as required by R.C. 2901.21(A). In support of his argument, appellant cites the case of State v. Sowry,155 Ohio App.3d 742, 2004-Ohio-399. Appellant argues the facts inSowry are identical to the facts herein and therefore the opinion of our brethren from the Fourth District is persuasive.
 {¶ 18} We concur with the opinion in Sowry that an individual does not "knowingly" and voluntarily go into a detention facility while under arrest, and exercising one's Fifth Amendment right in denying a criminal act does not constitute a "knowingly" or voluntary act. However, we find the case sub judice is subject to distinction. Appellant was under arrest for a drug offense and the police officer specifically informed appellant he would be charged with the offense of illegal conveyance into a detention facility if he was not forthcoming on whether he had other contraband on his person:
 {¶ 19} "Q. Agent Burnett, after you identified Mr. Pettiford as the person urinating what was your next step with him involving this particular arrest?
 {¶ 20} "A. Okay. After everything had calmed down, we figured out who people were, a deputy from the Holmes County Sheriff's Office had actually met with Mr. Pettiford and went over some discussion with him, conversation. In my contact with him when I met with him I Mirandized him and during that time Deputy Mullet from the Holmes County Sheriff's Office had advised me that he had asked Mr. Pettiford if he had anything on him, and Mr. Pettiford had given him a small bag of marijuana, I believe a Bic lighter. And once I had Mirandized him I asked him if he had anything else on him and he advised me no. I said, `You're going to be taken to the Holmes County Jail for the possession of marijuana.' I said, `I need you to be honest with me and tell me if you have anything else on your persons as far as controlled substances,' in which he stated no, he did not.
 {¶ 21} "Q. Did you tell him there was a greater risk if he had a controlled substance on him once he got to the detention facility, it would be charged as a felony?
 {¶ 22} "A. Yes, I did.
 {¶ 23} "Q. Did he make any comment about that?
 {¶ 24} "A. He just advised me that he had nothing else on him." T. at 6.
 {¶ 25} We find appellant's responses were more than a constitutional protected "no" and he understood the ramifications of not disclosing the Xanax in his possession. Appellant's action constitutes a knowingly and voluntary act of conveying drugs into a detention facility.
 {¶ 26} Upon review, we find sufficient evidence to support the conviction and no manifest miscarriage of justice.
 {¶ 27} Assignments of Error I and II are denied.
 {¶ 28} The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio is affirmed.