JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} The State of Ohio appeals the decision of the trial court, which dismissed its indictment against appellee Jovelle Lee and assigns the following error for our review:
 "I. The trial court violated Crim.R. 12(C) by granting the appellee's motion to dismiss the indictment after taking evidence on and considering the general issue of the voluntariness of his alleged criminal act, before actual trial on the merits."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On August 9, 2006, the Cuyahoga County Grand Jury indicted Lee for one count of illegal conveyance of a contraband into a detention facility, a third degree felony. On October 10, 2006, Lee filed a motion to suppress evidence and to dismiss the indictment. On November 2, 2006, the trial court held a hearing on both motions.
 Suppression and Dismissal Hearing {¶ 4} Detective Bruce Garner of the Cleveland Police Department testified that on June 28, 2006, at approximately 11:15 p.m., he and fellow officers were operating a traffic checkpoint at East 49th Street and St. Clair Avenue, in the City of Cleveland. The operation required all vehicles to proceed through the checkpoint, where cars would be randomly selected, and directed to a designated location for further investigation. The police selected the vehicle Lee was driving and directed him to the designated location for further investigation. *Page 3 
 {¶ 5} Detective Garner testified that when the officers approached Lee's vehicle, they smelled the scent of PCP and observed Lee's passenger, Field Evans, attempting to conceal something on the floor. The officers also saw a partially smoked marijuana cigarette in the area where Evans had been attempting to reach.
 {¶ 6} After ordering Lee and Evans to exit the vehicle, Evans, in response to being asked his name, spit out a bag containing another marijuana cigarette, and a bag containing three rocks of crack cocaine. In a subsequent search of Lee's vehicle, the officers discovered a bag containing marijuana under the driver's seat. Lee was arrested for conveyance of marijuana in a motor vehicle, a first degree misdemeanor.
 {¶ 7} Detective Garner testified that prior to transporting Lee to the police station, he asked Lee if he had anything else on his person that could get him in trouble, and Lee indicated he did not. Detective Garner testified that upon arrival to the police station, the following events unfolded at the booking window:
 "Right before I was ready to take his prints Mr. Lee looked at me and he said `Officer I got something to tell you.' And I said, `What?' And he said, `I got something on me. I got weed on me.' I asked him, `Where do you have weed? How much do you have?' He has a couple of — I believe he said right pocket. Put my hand in the pocket, pulled out four bags of marijuana."[1] *Page 4 
 {¶ 8} Thereafter, Detective Garner advised Lee he was going to face an additional charge of illegal conveyance of a controlled substance into a detention facility.
 {¶ 9} On November 9, 2006, the trial court denied Lee's motion to suppress, but granted the motion to dismiss the indictment.
 Dismissal of Indictment {¶ 10} In the sole assigned error, the State argues the trial court erred in granting Lee's pretrial motion to dismiss the indictment. We disagree.
 {¶ 11} The record indicates that Lee filed two distinct motions, namely, a motion to suppress and a motion to dismiss the indictment. The trial court held a hearing on the motions and the State presented evidence, which was not disputed by the parties. Lee's defense counsel argued that State v. Sowry,[2] which will be discussed more fully below, was applicable to facts of the instant case. The trial court agreed and dismissed the indictment. The State now argues that the dismissal was improper without a trial. We are not persuaded.
 {¶ 12} Crim.R. 12(C) allows a party to raise in a pretrial motion "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue."[3] Further, Crim.R. 12(C) also lists matters that must be *Page 5 
raised prior to trial, including "defenses and objections based on defects in the indictment, * * *"[4]
 {¶ 13} In the instant case, conceding that the evidence was uncontradicted, the State's prosecuting attorney stated:
 "* * * I think the Court is correct in saying that the facts themselves are not disputed between the parties."[5]
 {¶ 14} Our review of the record also leads us to conclude that the facts were not in dispute. As such, we further conclude based on the undisputed facts, that no additional evidence could have been adduced by having a trial. Consequently, based on the unfolding of the evidence at the hearing on the two motions, the trial court could properly dismiss the indictment, without violating Crim.R. 12(C).
 {¶ 15} Turning now to the indictment itself, the record indicates that Lee was charged with the illegal conveyance of prohibited items onto grounds of a detention facility in violation of R.C. 2921.36(A)(2), which states the following:
 "(A) No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility or of an institution that is under the control of the department of mental health or the department of mental retardation and developmental disabilities, any of the following items:
 "(2) Any drug of abuse, as defined in section 3719.011 of the Revised Code." *Page 6 
 {¶ 16} It is undisputed that Lee had marijuana on his person when he was transported to the jail; that it is a drug of abuse as defined by R.C. 3719.011, as well as R.C. 3719.01(O). It is also undisputed that the police station is a detention facility for purposes of R.C.2921.36(A)(2).
 {¶ 17} In granting Lee's motion to dismiss the indictment, the trial court stated in pertinent part as follows:
 "This Court believes after hearing the testimony of the officer that the facts really are not in contradiction and that I feel that as a matter of law that the Defendant was placed under arrest, taken down to the detention facility, and then at the time of booking says, `Wait a minute, I've got some weed on me,' that, as a matter of law, he is not guilty of unlawfully, knowingly conveying or attempting to convey onto the grounds of a detention facility a drug of abuse as defined in the Ohio Revised Code, and I do not believe that is even the intention of the statute and otherwise, every person that is arrested with a small amount of marijuana on him out in the street, you drag him down to the courthouse, and they have not admitted they have it on them and they find it on the booking for any minor incident, illegal left turn, or not having a driver's license, some minor amount of marijuana, which, by the way, they are seldom arrested for, but if they are and then at the desk someone finds a marijuana cigarette on their person, you can just elevate it to a felony of the third degree; and I don't believe that's the law and especially under the facts of this case where before he was even booked in, he said, `I've got weed on me,' to both of the officers. I don't think he was trying to convey it or attempting to convey it onto the grounds of a detention facility as contended by the statute itself or the framers of the statute and under Sowry, which the Court agrees with, and therefore I am going to order that the charge be dismissed."[6] *Page 7 
 {¶ 18} Lee challenged the indictment based upon whether the facts reflected that he "knowingly" and voluntarily committed the offense as required by R.C. 2901.21(A). R.C. 2901.21(A) states:
 "Except as provided in division (B) of this section, a person is not guilty of an offense unless both of the following apply:
 "(1) The person's liability is based on conduct that includes either a voluntary act, or an omission to perform an act or duty that the person is capable of performing;
 "(2) The person has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense."
 {¶ 19} R.C. 2921.36(A)(2) prohibits "knowingly" conveying drugs into a detention facility. Since "knowingly" is a culpable mental state, R.C.2901.21(A) must be satisfied in order for an accused to be criminally liable for a violation of R.C. 2921.36(A)(2).
 {¶ 20} In support of its decision, the trial court relied on State v.Sowry.[7] As previously stated, Lee argues the facts in Sowry are identical to the facts herein. We concur.
 {¶ 21} In Sowry, the court stated:
 "The `voluntary act' or `omission' requirement of R.C. 2901.22(A)(1) codifies the maxim of criminal law that criminal conduct must rest on an act, and the law will not punish for a guilty mind alone. The same *Page 8 
applies to an omission to act, where both a duty to act is imposed by law and a capacity to act exists. The requirement in either instance is the `actus reus' necessary to constitute a violation.
 "The conduct which a prohibited act involves must be voluntary in order for criminal liability to result. A reflexive or convulsive act is not voluntary, and thus cannot be the basis of criminal liability. R.C. 2901.21(D)(2); State v. Grimsley (1982), 3 Ohio App.3d 265, 3 Ohio B. 308, 444 N.E.2d 1071. Similarly, acts performed while unconscious or sleep-walking are not voluntary acts. `In short, any act that is not the product of the actor's conscious determination is not a voluntary act.' Katz/Gianelli, Criminal Law, Baldwin's Ohio Practice, Vol. 2, Section 85:3, at p. 871."[8]
 {¶ 22} Here, as in Sowry, Lee was arrested by police before he was brought to jail and he was brought to jail under arrest. By suffering arrest, or seizure of his person, Lee was deprived of the fundamental, common law "right of every individual to the possession and control of his own person."[9] A person's capacity or ability to exercise that right is implicit in the measure of personal autonomy that a voluntary act involves.[10]
 {¶ 23} An individual does not "knowingly" and voluntarily go into a detention facility while under arrest, and exercising one's Fifth Amendment right in denying a *Page 9 
criminal act does not constitute a "knowingly" or voluntary act.[11]
Since Lee's presence at the detention facility was not the product of a voluntary act, we conclude that his conduct with respect to the R.C.2921.36(A)(2) violation with which he was charged cannot satisfy the requirement for criminal liability that R.C. 2901.22(A)(1) imposes. Consequently, the trial court properly dismissed the instant indictment.
 {¶ 24} Thus, after considering the undisputed facts as it unfolded during the hearing, the trial court properly concluded that the allegations contained on the face of the indictment did not satisfy a violation of R.C. 2901.22(A)(1). Consequently, the trial court did not violate Crim.R. 12(C) when it granted Lee's motion to dismiss the instant indictment. Accordingly, we overrule the State's sole assigned error.
 Untimely Appeal {¶ 25} In his brief before this court, Lee alleges that the State's appeal is untimely. We disagree.
 {¶ 26} A review of the record indicates that Lee's filed motion was captioned "Motion to Suppress and Dismiss." The trial court denied Lee's motion to suppress, but granted the motion to dismiss. Thus, the instant case involves the State's appeal of the trial court's judgment granting Lee's motion to dismiss. As such, the instant appeal is governed by App.R. 4(A), which provides:
 "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil *Page 10 
case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 27} Lee acknowledges in his brief that the State filed its notice of appeal fourteen days after the filing of the journal entry. This was well within the time frame prescribed by App.R. 4(A). Consequently, the instant appeal was timely filed.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., CONCURS; ANN DYKE, J., DISSENTS. (SEE ATTACHED DISSENTING OPINION.)
[1] Tr. at 19.
[2] 155 Ohio App.3d 742, 2004-Ohio-399.
[3] State v. Ethridge (Dec. 21, 2006), Cuyahoga App. No. 87859.
[4] State v. Ryerson, 12th Dist. No. CA2003-06-153,2004-Ohio-3353.
[5] Tr. at 74.
[6] Tr. at 70-71.
[7] 155 Ohio App.3d 742, 2004-Ohio-399.
[8] Id.
[9] See California v. Hodari D. (1991), 499 U.S. 621, 624,111 S.Ct. 1547, 113 L.Ed.2d 690.
[10] Id.
[11] State v. Pettiford, 5th Dist. No. 06CA008,2006-Ohio-6047.