JOURNAL ENTRY AND OPINION
{¶ 1} Sua sponte this court reconsiders its decision in State v.Jovelle Lee, case No. 89087, and reverses the trial court's dismissal of the State's indictment against Jovelle Lee.
 {¶ 2} The trial court dismissed the State's indictment against Jovelle on the grounds that under State v. Sowry (2004-Ohio-399), Jovelle could not be charged with transporting a drug into the jail. The facts ofJovelle's case and Sowry's are identical, with one exception. In Sowry, the trial court granted Sowry's Crim.R. 29 motion to dismiss the case. Here, the trial court summarily dismissed the indictment. Jovelle's motion to dismiss challenged the sufficiency of the evidence. A motion to dismiss can only raise matters that are "capable of determination without a trial of the general issue." (State v. O'Neal (1996),114 Ohio App.3d 335, 336).
 {¶ 3} Consequently, in a criminal case, a motion to dismiss "tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the State or the defendant." (State v. Patterson (1989)).
 {¶ 4} This court has on many occasions adopted these principles of law and held as a matter of law that a trial court may not summarily dismiss an indictment based on the sufficiency of the evidence. (State v.Lee, 2007-Ohio-5952 and State v. Ethridge, 2006-Ohio-6768.)
Judgment reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein. *Page 4 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, JUDGE
 FRANK D. CELEBREZZE, JR., P.J., and ANN DYKE, J., CONCUR *Page 1