JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Cleveland L. Cargile, appeals from his conviction for illegally conveying drugs onto the grounds of a detention facility in violation of R.C. 2921.36(A)(2). We vacate his conviction, because the State's evidence was insufficient to render Cargile criminally liable for a violation of R.C. 2921.36 (A)(2).
 {¶ 2} The evidence presented by the State at trial revealed the following. On March 10, 2007, an individual waiting at a bus stop near Tower City in Cleveland was assaulted twice by a group of young men. After the assaults, his cell phone was missing from his pocket. When the police responded to the scene, the individual and his friend identified Cargile, as he was walking out of Tower City, as one of the assailants. The police arrested Cargile, handcuffed him, and patted him down. The pat-down failed to reveal any weapons or contraband.
 {¶ 3} The police then transported Cargile to jail for booking and detention. Prior to entering the jail, one of the police officers admonished Cargile that conveying drugs into the jail would be a crime and advised him that he should tell the officer if he had any contraband. Cargile denied that he had any contraband on his person.
 {¶ 4} An officer then escorted Cargile into the jail and began the booking process. Another officer searched Cargile. The officers saw Cargile move his right leg during the pat-down, allegedly so the officer would avoid making contact with that *Page 4 
part of his leg. The officers then found three bags of marijuana concealed in the cuff of Cargile's right pant leg.
 {¶ 5} Cargile was charged with two counts of robbery, in violation of R.C. 2911.02, and one count of illegal conveyance of a controlled substance into a detention facility, in violation of R.C. 2921.36(A)(2). The jury found him not guilty of both robbery counts, but guilty with regard to the prohibited conveyance count, and the trial court sentenced him to two years in prison.
 {¶ 6} In his third assignment of error, which we find dispositive, Cargile contends that the trial court erred in denying his Crim. R. 29 motion for acquittal regarding the illegal conveyance count, because the evidence was insufficient to support his conviction. We agree.
 {¶ 7} Crim. R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction." An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. *Page 5 
 {¶ 8} Under R.C. 2921.36(A)(2), no one shall "knowingly convey, or attempt to convey, onto the grounds of a detention facility * * * any drug of abuse, as defined in section 3719.011 of the Revised Code."
 {¶ 9} It is undisputed that the marijuana found in the cuff of Cargile's pant leg when he was brought to jail is a drug of abuse as defined by R.C. 3719.011. It is also undisputed that the county jail is a detention facility for purposes of R.C. 2921.36(A)(2).
 {¶ 10} Under R.C. 2901.21(A), a person is not guilty of a criminal offense unless 1) the person's liability is based on either a voluntary act or an omission to perform an act or duty; and 2) the person has the requisite degree of culpability for each element as to which a culpable mental state is specified in the statute defining the offense.
 {¶ 11} Cargile argues that, on these facts, he cannot be convicted of illegally conveying drugs into the jail, because his act was not voluntary, as required by R.C. 2901.21(A). We agree.
 {¶ 12} In State v. Sowry, 155 Ohio App.3d 742, 2004-Ohio-399, the Second District Court of Appeals considered a similar situation. The defendant in that case was arrested for disorderly conduct and resisting arrest and a pat-down failed to reveal any weapons or contraband. At the jail, the defendant was asked whether he had any drugs on his person, and he responded negatively. A more thorough search at booking revealed a baggie of marijuana in his right front pants pocket. *Page 6 
 {¶ 13} The Second District found that "any act that is not the product of the actor's conscious determination is not a voluntary act."Sowry at ¶ 17, citing Katz/Gianelli, Criminal Law, Baldwin's Ohio Practice, Vol. 2, Section 85:3, at p. 871. Therefore, it concluded, because the officers controlled the defendant's person by arresting him and conveying him to jail, the fact "that [the defendant's] `person' and the possessions on his person were in the jail was * * * not a product of a voluntary act on [the defendant's] part. Rather, those events were, as to him, wholly involuntary." Id. at ¶ 19.
 {¶ 14} The Second District held that "at most, [the defendant] might be charged with knowing that drugs were on his person when officers conveyed him to jail. However, * * * the law will not punish for a guilty mind alone. Because [the defendant's] conduct with respect to the R.C. 2921.36(A)(2) violation with which he was charged cannot satisfy the requirement for criminal liability that R.C. 2901.22(A)(1) imposes, the trial court erred when it denied defendant-appellant Sowry's Crim. R. 29 motion for acquittal." Sowry at T|22.
 {¶ 15} This court adopted the reasoning of Sowry in State v. Lee, Cuyahoga App. No. 89087, 2007-Ohio-5952, reversed on other grounds,State v. Lee, Cuyahoga App. No. 89087, 2008-Ohio-143.
 {¶ 16} Despite the State's argument that this case in different thanSowry, we find no distinction between the two cases. Accordingly, the trial court erred in *Page 7 
denying Cargile's Crim. R. 29 motion for acquittal on the offense of illegally conveying a prohibited substance onto the grounds of a detention facility.
 {¶ 17} Appellant's third assignment of error is sustained. Our resolution of the third assignment of error renders the other assignments of error moot. See App. R. 12(A)(1)(c).
 {¶ 18} Having sustained the third assignment of error, we reverse and vacate Cargile's conviction for violation of R.C. 2921.36(A)(2), enter a judgment of acquittal on that charge, and order him discharged from any penalty imposed upon his conviction for that offense.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 Patricia A. Blackmon, J., and Mary J. Boyle, J., Concur *Page 1