JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Mario Cole, appeals his convictions from the Cuyahoga County Court of Common Pleas. For the following reasons, we reverse and vacate his conviction for illegally conveying drugs into a detention facility, but we affirm Cole's conviction for possession of drugs with a one-year firearm specification.
 {¶ 2} On May 25, 2005, Cleveland Police Officer Adrian Neagu initiated an investigatory stop of a maroon vehicle matching the description of a vehicle involved in a nearby robbery. There were five men in the vehicle. Cole was seated in the left rear passenger seat. The occupants were ordered to raise their hands. The two individuals in the front complied, but the individuals in the backseat did not. The police ordered the occupants out of the car. The police searched the car and found two handguns under the backseat, one on the left side where Cole had been sitting. Cole was arrested. No contraband was found on his person at the time of arrest.
 {¶ 3} Cole was searched again during booking. After Cole was booked, the guards received a telephone call. Because of the information received during that call, the institutional guards searched Cole for a third time and recovered a plastic baggie containing several rocks of crack cocaine from the sleeve of his jacket.
 {¶ 4} Cole was convicted, after a jury trial, of drug possession with a one-year firearm specification and of illegally conveying crack cocaine onto the grounds of a detention center. He was sentenced to a total of two years in prison. Cole appeals, advancing one assignment of error for our review, which states the following:
 "The trial court violated Mr. Cole's rights to due process and a fair trial when it denied his motions under Crim. R. 29 on the firearm specification connected to the drug-possession charge, and on the *Page 4 
illegal-conveyance charge, as there was insufficient evidence to support those convictions."
 {¶ 5} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 6} Cole argues that there was insufficient evidence to find him guilty of illegal conveyance because there was no evidence that he acted voluntarily. Cole cites to State v. Sowry, 155 Ohio App.3d 742,2004-Ohio-399, in support of his position.
 {¶ 7} R.C. 2921.36(A)(2) states that no person shall "knowingly convey, or attempt to convey, onto the grounds of a detention facility * * * any drug of abuse, as defined in section 3719.011 of the Revised Code." Under R.C. 2901.21(A), a person is not guilty of a criminal offense unless (1) the person's liability is based on either a voluntary act or an omission to perform an act or duty; and (2) the person has the requisite degree of culpability for each element as to which a culpable mental state is specified in the statute defining the offense.
 {¶ 8} In Sowry, the defendant was arrested for disorderly conduct and resisting arrest. The pat-down did not reveal any weapons or contraband. At the jail, the defendant was asked whether he had any drugs on his person, and he *Page 5 
replied "No." A more thorough search at booking uncovered a baggie of marijuana in his right front pants pocket. Sowry was charged and convicted of illegally conveying drugs into a detention facility. The Second District Court of Appeals reversed his conviction, finding that Sowry's actions were not voluntary. Sowry was arrested and brought to jail involuntarily. The court found that this was not sufficient to sustain a conviction for a violation of R.C. 2921.36(A)(2).
 {¶ 9} This court adopted the reasoning of Sowry in State v. Lee, Cuyahoga App. No. 89087, 2007-Ohio-5952. In Lee, the defendant was arrested and brought to jail. This court reasoned that since Lee's presence at the detention facility was not the product of a voluntary act, his conduct with respect to the R.C. 2921.36(A)(2) violation with which he was charged cannot satisfy the requirement for criminal liability that R.C. 2901.21(A)(1) imposes. The dismissal of the indictment against Lee was upheld. See, also, State v. Cargile, Cuyahoga App. No. 89964, 2008-Ohio-2783.[1]
 {¶ 10} In the case at hand, Cole was arrested for carrying a concealed weapon. A pat-down search on scene did not reveal any contraband. Cole was conveyed to jail. A second search at the jail again revealed nothing. After Cole was booked, the guards received a telephone call, which prompted another search of *Page 6 
Cole. The third search revealed a plastic baggie containing several small rocks of crack cocaine that was recovered from Cole's jacket sleeve.
 {¶ 11} We find that the trial court erred when it denied Cole's Crim. R. 29 motion for acquittal on the offense of illegally conveying a prohibited substance, and thus we vacate his conviction as to that charge.
 {¶ 12} We turn now to Cole's argument that there was insufficient evidence to sustain a conviction for possession of drugs with a firearm specification. Cole asserts that there was no evidence that he had a weapon on his person or under his control while he possessed drugs. Cole argues that he was found in possession of drugs hours after he was arrested for carrying a concealed weapon.
 {¶ 13} R.C. 2941.141 requires proof that a defendant "had a firearm on or about [his] person or under [his] control while committing the offense." The state may establish dominion or control over the weapon through constructive possession. See State v. Benton, Cuyahoga App. No. 82810, 2004-Ohio-3116. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession." Id., citing State v. Hankerson (1982), 70 Ohio St.2d 87, at the syllabus.
 {¶ 14} There are drug possession cases in which courts have upheld the denial of a motion for acquittal on a gun specification even though no witness observed the defendant actually touch the gun during the commission of the underlying drug possession offense. The owner of a gun was found to have the gun *Page 7 
"under his control" for purposes of the firearm specification even when it was lying in another room or in the console of the defendant's spouse's car. See State v. Brown (1995), 107 Ohio App.3d 194; State v.Conway, Cuyahoga App. No. 86140, 2005-Ohio-6634; Benton, supra. The court in Benton noted that "`the underlying purpose of the gun specification [is] to deter possession or control of firearms during the commission of crimes due to the safety hazards such possession or control poses to the public and arresting officers.'" Benton, quotingState v. Mills (Sept. 28, 1999), Franklin App. No. 98AP-1273, citingState v. Powell (1991), 59 Ohio St.3d 62, 63.
 {¶ 15} We find no merit to Cole's argument that there was no evidence that Cole was in possession of drugs at the time that he was in possession of the gun. The gun was found hidden under the seat where Cole was sitting, and the drugs were eventually found in his sleeve. The fact that the drugs were not discovered until after he was transported to the jail does not mean that Cole was not in possession of the drugs while he was sitting in the car with the gun.
 {¶ 16} After viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 17} Cole's sole assignment of error is sustained in part and overruled in part. Accordingly, we reverse and vacate Cole's conviction for illegally conveying drugs into a detention facility, enter a judgment of acquittal on that charge, and order him discharged from any penalty imposed upon his conviction for that offense. *Page 8 
However, we affirm Cole's conviction for possession of drugs with a one-year firearm specification.
Judgment affirmed in part and reversed and vacated in part.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and MARY J. BOYLE, J., CONCUR
[1] We note that State v. Cargile, supra, was recently accepted into the Ohio Supreme Court on discretionary appeal; see Ohio Supreme Court Case No. 2008-1452. *Page 1