OPINION *Page 2 
{¶ 1} Defendant-appellant, Preston M. Lewis, appeals from his convictions and sentences in the Licking County Court of Common Pleas on two counts of illegal conveyance of prohibited items onto the grounds of a detention facility, felonies of the third degree, in violation of R.C. 2921.36. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 17, 2008, this matter proceeded before the trial court for a bench trial, appellant having waived his right to a trial by jury. The following evidence was adduced at the trial.
 {¶ 3} Sergeant Craig Black of the Heath Police Department responded to a call of a theft offense at a carryout in Heath, Ohio. The owner of the store advised Sergeant Black that the suspects were located in an adjacent apartment. Sergeant Black approached the apartment, and eventually spoke to appellant.
 {¶ 4} Sergeant Black testified that he informed appellant that was he was investigating a theft offense. Appellant went outside to speak with Sergeant Black. Appellant told the Sergeant that he would be willing to pay for the item that had been stolen from the store. Based upon appellant's statement and his review of a surveillance tape from inside the carryout, Sergeant Black placed appellant under arrest.
 {¶ 5} At the time of the arrest, Sergeant Black asked appellant if he had anything on his person. Appellant informed the officer that he had a pipe containing marijuana in his pants pocket. Sergeant Black retrieved the marijuana pipe from the appellant. He then proceeded to conduct a full pat-down search of appellant at the scene. *Page 3 
 {¶ 6} Appellant was taken to the lock-up section of the Heath Police Department. While at the station, Sergeant Black again asked appellant "if he had anything on him." Appellant replied that he did not. Sergeant Black testified he then advised appellant in the lock-up area that if he took any illegal substances with him to the Licking County Justice Center it would be a felony. According to the testimony of Sergeant Black, appellant indicated that he understood the advice, but gave no further statement at that time. Sergeant Black then transported appellant to the Licking County Justice Center.
 {¶ 7} Sergeant Greg Owens of the Licking County Sheriff's Office was the supervisor on duty when appellant arrived at the facility. When appellant was brought into the jail, Sergeant Owens asked appellant whether he had "any knives, weapons, drugs or chemical agents" on his person, and that if he did, he would "be charged with a separate offense of conveyance." Appellant responded that he did not have any of those items on his person at the time.
 {¶ 8} Sergeant Owens testified that a deputy sheriff conducted a full search of appellant. During the search, a deputy found two pills inside a small baggie located within the front right pocket of appellant's loose fitting jeans. The pills were identified as Seroquel. The deputy also located a baggie with a green leafy substance inside the front right pocket of athletic shorts appellant had been wearing underneath his jeans. The substance was later identified as marijuana.
 {¶ 9} Appellant testified on his own behalf. Appellant admitted that he had stolen a can of Pringles from the carryout store in Heath. He further admitted to Sergeant` Black that he had stolen the item. Appellant testified that he volunteered to *Page 4 
Sergeant Black that he had a marijuana pipe in his pocket before the pat-down search had been conducted. During the pat-down search, appellant testified that the officer checked the inside of both of his pants pockets.
 {¶ 10} Appellant admitted placing the bag of marijuana into his pocket after a friend informed him that the police were knocking at the door. Appellant further testified, however, that he had forgotten that he placed the bag of marijuana inside his athletic shorts, and that he had forgotten entirely that he had two yellow pills located in his pants pocket. He testified that had he remembered these items in his possession, he would have disclosed this fact to the officers at the jail.
 {¶ 11} Appellant was found guilty of both counts. On May 16, 2008, the trial court sentenced appellant to a term of 3 years of Community Control, with a residential sanction that appellant enter into and successfully complete a community-based correctional facility.
 {¶ 12} Appellant timely appeals raising as his sole assignment of error:
 {¶ 13} "I. THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S RULE 29 MOTION ON THE BASIS THAT THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION FOR ILLEGAL CONVEYANCE OF DRUGS INTO A DETENTION FACILITY."
 I. {¶ 14} In his sole assignment of error appellant alleges that the trial court erred in not granting his Crim. R. 29 motion for acquittal. We disagree.
 {¶ 15} "The purpose of a motion for judgment of acquittal is to test the sufficiency of the evidence and, where the evidence is insufficient, to take the case from the jury." *Page 5 Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163, 398 N.E.2d 781, overruled on other grounds, State v. Lassaro (1996), 76 Ohio St.3d 261,266, 667 N.E.2d 384. In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. See,e.g., State v. Carter (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965,974; State v. Jenks (1991), 61 Ohio St.3d 259 at 273, 574 N.E.2d 492
at 503.
 {¶ 16} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (stating, "sufficiency is the test of adequacy"); State v. Jenks (1991), 61 Ohio St.3d 259 at 273,574 N.E.2d 492 at 503. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781; Jenks, 61 Ohio St.3d at 273, 574 N.E.2d at 503.
 {¶ 17} Weight of the evidence addresses the evidence's effect of inducing belief. State v. Wilson, 713 Ohio St.3d 382, 387-88,2007-Ohio-2202 at ¶ 25-26; 865 N.E.2d 1264, 1269-1270. "In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? Even though there may be sufficient evidence to support a conviction, a reviewing court can still re-weigh the evidence and reverse a lower court's holdings." State v. Wilson, supra. However, an appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly *Page 6 
lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, supra, 78 Ohio St.3d at 387. (Quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-721). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." State v.Thompkins, supra.
 {¶ 18} Employing the above standard, we believe that the state presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that appellant committed the offenses of illegal conveyance of prohibited items onto the grounds of a detention facility.
 {¶ 19} In the present case, appellant was charged with and convicted of two counts of illegal conveyance of a prohibited item onto the grounds of a detention facility. R.C. 2921.36(A) (2) provides, in relevant part,
 {¶ 20} "No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility * * * any of the following items:
 {¶ 21} "* * *
 {¶ 22} "(2) Any drug of abuse, as defined in section 3719.011 * * * of the Revised Code [.]"
 {¶ 23} "Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." State v.Huff (2001), 145 Ohio App.3d 555, 563, 763 N.E.2d 695. (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." State v.McDaniel (May 1, 1998), *Page 7 
Montgomery App. No. 16221, (citing State v. Elliott (1995),104 Ohio App.3d 812, 663 N.E.2d 412).
 {¶ 24} R.C. 2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21 (D) (1).
 {¶ 25} The parties agree in the case sub judice, that the Licking County Justice Center is a "detention facility." It is also undisputed in this case that the substances found on the appellant's person are drugs of abuse as defined by R.C. 3719.011. Appellant instead challenges his conviction upon the failure of the state to establish that he possessed the essential culpable mental state, "knowingly."
 {¶ 26} Appellant cites State v. Sowry, 155 Ohio App.3d 742,2004-Ohio-399, for the proposition that once he was arrested, he was no longer engaging in a voluntary act to enter the jail with the prohibited items, and thus he cannot be criminally liable for the conveyance. The facts in Sowry indicate the defendant, who had been arrested for disorderly conduct and resisting arrest, was asked by officers at the Miami County Jail whether he had any drugs on his person, to which the defendant replied in the negative. Sowry at ¶ 3. After the booking officers found marijuana on the defendant's person, he was charged with violating R.C. 2921.36(A) (2). Id. at ¶ 4. The Second District Court of Appeals concluded:
 {¶ 27} "At most, Sowry might be charged with knowing that drugs were on his person when officers conveyed him to jail. However, * * * the law will not punish for a guilty mind alone. Because Sowry's conduct with respect to the R.C. 2921.36(A)(2) *Page 8 
violation with which he was charged cannot satisfy the requirement for criminal liability that R.C. 2901.22(A)(1) [sic] imposes, the trial court erred when it denied Sowry's Crim. R. 29 motion for judgment of acquittal." Id. at ¶ 22.
 {¶ 28} Upon review, however, we decline to adopt the rationale ofSowry in the present appeal. In People v. Ross (2008), 162 Cal.App. 4th 1184, 1190, 76 Cal. Rptr. 477, the California Appellate Court noted, "[a]n arrestee commits a sufficiently voluntary act to violate the statute if he or she knowingly brings a [prohibited item] into a jail after having denied possessing such [an item]. Section 4574 does not give arrestees a license to lie to law enforcement or correctional officials. Respondent, therefore, was obligated to disclose her possession of the [item] or suffer the criminal penalties imposed by the statute. She had no choice whether to go to jail, but she was afforded the choice to not violate section 4574. Had she been truthful at booking, she would not have entered the jail with the [item] and would not have been charged in count 2 . . . Respondent's Fifth Amendment privilege permitted her to remain silent. It did not protect her from the consequences of lying to a law enforcement officer, who had properly inquired whether she possessed any [prohibited items]. WithoutMiranda warnings, (Miranda v. Arizona (1966) 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694) law enforcement officials may subject an arrestee to questioning `necessary to secure their own safety or the safety of the public' and not `designed solely to elicit testimonial evidence from a suspect.' (New York v. Quarles (1984) 467 U.S. 649, 659
[104 S.Ct. 2626, 81 L.Ed.2d 550].) `While the Fifth Amendment provides [suspects] with a shield against compelled self-incrimination, it does not provide them with a sword upon which to thrust a lie.' (State v. Reed (2005) 280 Wis.2d 68, 695 N.W.2d 315, 325; see also *Page 9 Brogan v. United States (1998) 522 U.S. 398, 404 [118 S.Ct. 805,139 L.Ed.2d 830] [`[N]either the text nor the spirit of the Fifth Amendment confers a privilege to lie. `[P]roper invocation of the Fifth Amendment privilege against compulsory self-incrimination allows a witness to remain silent, but not to swear falsely.'"].) Id. At 491-492, 76 Cal. Rptr. At 1191. See also, State v. Carr (Tenn.Crim.App. 2008), No. M2007-01-759-CCA-R3-CD, 2008 WL 4368240.
 {¶ 29} In State v. Rice, Medina App. No. 02CA002-M, 2002-Ohio-5042 the court noted, "While Mr. Rice does have the right not to incriminate himself, this right does not entitle him to knowingly convey a drug of abuse onto the grounds of a detention facility, in violation of R.C. 2921.36(A) (2). By committing such a criminal act, Mr. Rice could be charged accordingly" Id. at ¶ 24. See also, State v. Zachery, Stark App. No. 2008-CA-00187, 2009-Ohio-715.
 {¶ 30} In the case at bar, appellant admitted placing the bag of marijuana into his pocket after he was informed by a friend that the police were knocking at the door. (T. at 72; 81; 86). Appellant claimed at trial that he had forgotten that he had placed both the pills and the marijuana in the pocket of his shorts. Appellant did not deny that he told the officers he did not possess any contraband when asked during the booking process. He further conceded that the officers had told him the consequences of bringing weapons or contraband into the jail. Appellant did not claim that he exercised his right to remain silent when asked by the officers whether or not he possessed contraband; rather appellant's defense was that he had forgotten the items were in his pockets.
 {¶ 31} We hold, therefore, that the state met its burden of production regarding illegal conveyance of prohibited items onto the grounds of a detention facility as *Page 10 
required by R.C. 2921.36(A) (2) and, accordingly, there was sufficient evidence to support appellant's convictions.
 {¶ 32} As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, a judgment supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St. 2d 279,376 N.E. 2d 578.
 {¶ 33} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that cannot be conveyed to us through the written record, Miller v. Miller (1988), 37 Ohio St. 3d 71.
 {¶ 34} "A fundamental premise of our criminal trial system is that `the jury is the lie detector.' United States v. Barnard, 490 F.2d 907,912 (C.A.9 1973) (emphasis added), cert. denied, 416 U.S. 959,94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the `part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.' Aetna Life Ins. Co. v. Ward, 140 U.S. 76, 88,11 S.Ct. 720, 724-725, 35 L.Ed. 371 (1891)". United States v. Scheffer
(1997), 523 U.S. 303, 313, 118 S.Ct. 1261, 1266-1267. *Page 11 
 {¶ 35} Although appellant cross-examined the witnesses and argued that he "forgot" he had the drugs in his pockets in an attempt to convince the judge that he did not have any intent to commit the crimes for which he was indicted, the trier of fact was free to accept or reject any and all of the evidence offered by the appellant and assess the witness's credibility. "While the [trier of fact] may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the [trier of fact] need not believe all of a witness' testimony, but may accept only portions of it as true. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill (1964), 176 Ohio St. 61, 67,197 N.E.2d 548.; State v. Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing State v. Caldwell (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence.State v. Jenks (1991), 61 Ohio St. 3d 259, 574 N.E. 2d 492.
 {¶ 36} After reviewing the evidence, we cannot say that this is one of the exceptional cases where the evidence weighs heavily against the convictions. The judge did not create a manifest injustice by concluding that appellant was guilty of the crimes charged in the indictment. The judge heard the witnesses, evaluated the evidence, and was convinced of appellant's guilt.
 {¶ 37} Accordingly, appellant's sole assignment of error is denied. *Page 12 
 {¶ 38} For the foregoing reasons, the judgment of the Licking County Court of Common Pleas is affirmed.
Gwin, J., and Farmer P.J., concurs; Hoffman, J., dissents *Page 13